[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13056
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cr-00040-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID BENTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(November 29, 2016)

Before TJOFLAT, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

David Benton pleaded guilty to conspiring to possess methamphetamine

with intent to distribute, and the district court sentenced him to 227 months'

imprisonment.  He appeals his sentence.  After careful consideration of the parties'
briefs and the record, we affirm.

I

Benton first argues that the district court erred in applying § 3B1.1(c) of the
United States Sentencing Guidelines to him.  We review the district court's §
3B1.1(c) determination for clear error.  *See United States v. Jiminez*, 224 F.3d
1243, 1250–51 (11th Cir. 2000).  Section 3B1.1(c) provides for a two-level
increase to a defendant's offense level if the government proves by a
preponderance of the evidence that "the defendant was an organizer, leader,
manager, or supervisor in any criminal activity."  *See* U.S.S.G. § 3B1.1(c); *United
States v. Martinez*, 584 F.3d 1022, 1026–27 (11th Cir. 2009).

The district court did not clearly err in applying § 3B1.1(c) to Benton; the
record supports a finding that Benton had a leadership role in the
methamphetamine conspiracy.  In his plea agreement, Benton admitted that, while
he was serving a sentence for a state conviction, he "conspired with [his girlfriend]
to retrieve . . . methamphetamine from [a] hidden location and . . . told [his
girlfriend] to sell the methamphetamine on his behalf."  Benton also stipulated that
he told his girlfriend (1) where to find the hidden stash of methamphetamine, (2)
he would "write [her] and tell [her] what to do with" the methamphetamine, and
(3) that, "we'll be rich, just sell [the methamphetamine] and put the money in the

2

bank." One "permissible view[] of th[is] evidence" is that Benton recruited his girlfriend into the conspiracy, planned the conspiracy, and exercised decision-making authority over his girlfriend. *See United States v. Rodriguez De Varon*, 175 F.3d 930, 945 (11th Cir. 1999) (en banc) (internal quotation marks omitted). Accordingly, the district court did not clearly err in finding that Benton served a leadership role in the conspiracy, thus triggering § 3B1.1(c). *See United States v. Suarez*, 313 F.3d 1287, 1294 (11th Cir. 2002) (affirming a § 3B1.1 adjustment because the record "support[ed] the conclusion that [the defendant] had decision-making authority and exercised control").

## II

Benton also argues that the district court failed to comply with Rule 32 of the Federal Rules of Criminal Procedure because the court did not resolve two disputes related to his sentencing range.[1] *See* Fed. R. Crim. P. 32(i)(3)(B) ("At sentencing, the [district] court . . . must—for any . . . controverted matter—rule on the dispute."). Benton complains that the court did not resolve his fact-based objections to (1) the § 3B1.1(c) adjustment and (2) an assessment of three criminal history points for a prior drug conviction. However, at Benton's sentencing hearing, the district court considered and ruled on both objections.

[1] Benton appears to further assert that, to the extent the district court did resolve the disputes, it erred because it did not attach its resolution of the disputes to the presentence investigation report. However, Benton makes only a cursory reference to this argument in his initial brief and therefore we consider the argument abandoned. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

**AFFIRMED.**